**Roger E. PRIDHAM, Appellant,**

v.

**STATE FARM MUTUAL INSURANCE COMPANY, Appellee.**

**No. 94–CA–0861–MR.**

Court of Appeals of Kentucky.

May 5, 1995.

Discretionary Review Denied by Supreme Court Sept. 13, 1995.

Kenneth H. Baker, James S. Scroghan, Baker and Scroghan, Louisville, for appellant.

Lee E. Sitlinger, Sitlinger, McGlincy, Steiner, Theiler & Karem, Louisville, for appellee.

Before EMBERTON, McDONALD and SCHRODER, JJ.

McDONALD, Judge.

■ This appeal is taken from a summary judgment of the Hardin Circuit Court. The underlying facts giving rise to the legal issue on appeal are the subject of stipulations entered into between the parties. The question of law presented for our consideration is whether the appellant, Roger E. Pridham, who, as a passenger, sustained personal injury in a one-car accident, may recover under-

insured motorist (UIM) insurance from the carrier that insured the vehicle and whether such coverage may be "stacked." In our opinion, the trial court properly held that Pridham was not entitled to recover under the UIM coverage of the State Farm Mutual Automobile Insurance Company policies maintained by Gladys J. Wigginton, the owner of the vehicle.

A brief recitation of the facts is in order. On May 24, 1992, Pridham was involved in a one-car accident and sustained personal injury. At the time of the accident, Pridham was a passenger in a vehicle being operated by Christopher Smith. For purposes of the judgment on the issue regarding UIM coverage, the parties stipulated that Smith was negligent and careless in the operation of the motor vehicle causing the automobile to leave the road and strike a tree. The owner of the vehicle involved in the accident is Gladys J. Wigginton. Smith, Wigginton's son, was using the vehicle within the scope of consent given him by his mother. Wigginton maintained two automobile insurance contracts with State Farm. The two policies issued by State Farm in which Wigginton was a named insured were in full force and effect on the date of the accident and were designated policy numbers 6553–1439–D07–17G and 677–5298–A28–17. Apparently the vehicle involved in the accident was a newly acquired one, and State Farm was in the process of providing a third policy of insurance coverage. However, a separate policy had yet to be issued. Nevertheless, State Farm conceded coverage and has paid Pridham the sum of $100,000. The parties have stipulated that this amount represents the maximum applicable limits of all liability insurance available to him with respect to his claim against Smith.

■ KRS 304.39–320 provides in pertinent part as follows:

304.39–320. Underinsured motorist coverage.

(2) Every insurer shall make available upon request to its insureds underinsured motorist coverage, whereby subject to the terms and conditions of such coverage not inconsistent with this section the insurance company agrees to pay its own insured for such uncompensated damages as he may recover on account of injury due to a motor vehicle accident because the judgment recovered against the owner of *the other vehicle* exceeds the liability policy limits thereon, to the extent of the underinsurance policy limits on the vehicle of the party recovering. (Emphasis added).

In its Opinion and Summary Judgment the trial court stated:

The statute [KRS 304.39–320] contemplates that the underinsured motorist coverage would be provided by a policy of insurance covering a vehicle insuring the injured party, which would be a different vehicle than the one being operated by the underinsured tortfeasor. The underinsured motorist statute conceptually gives the insured the right to purchase additional liability coverage for the vehicle of a prospective underinsured tortfeasor. *LaFrange v. United Services Automobile Association,* Ky., 700 S.W.2d 411, 414 (1985).

The policies of insurance issued by State Farm define an "underinsured motor vehicle" as follows:

Underinsured Motor Vehicle—means a land motor vehicle:

1. the ownership, maintenance or use of which is insured or bonded for bodily injury liability at the time of the accident with limits equal to or greater than required by Kentucky law; but

2. the *limits of liability, that apply from* such vehicle to the insured's damages are less than a judgment recovered against a liable party for damages on account of bodily injury due to a motor vehicle accident.

An underinsured motor vehicle does not include a land motor vehicle:

1. insured under the liability coverage of this policy;

2. furnished for the regular use of you, your spouse or any relative; ....

The underinsured motorist coverage provisions of the State Farm policies at issue clearly exclude from the definition of an "un-

derinsured motor vehicle" vehicles owned or regularly used by State Farm's insureds.

We agree with the trial court's conclusion that State Farm's policy language is consistent with Kentucky's underinsured motorist statute. The clear language of the policy precludes such coverage in the factual scenario presented by this case. The policies provide UIM protection benefits for the insureds with respect to claims against "the other vehicle." If Smith had been involved in a motor vehicle collision with another vehicle and the liability coverage on that vehicle had been insufficient to satisfy Pridham's claim against the owner or operator of that vehicle, then that vehicle would have qualified as an "underinsured motor vehicle" under both the policies at issue and Kentucky's statute. Accordingly, under that scenario, Pridham, as an insured, would have been entitled to the UIM coverage provided in Wigginton's policies with State Farm. Additionally, Pridham would have the right to proceed under the UIM provision, if any, of any separate policy he may have maintained or under which he was a primary insured. Pridham cannot, however, recover under both the liability and UIM coverages of the tortfeasor's policy. *See Ohio Casualty Insurance Company v. Stanfield,* Ky., 581 S.W.2d 555 (1979), and *Hamilton v. Allstate Insurance Company,* Ky., 789 S.W.2d 751 (1990).

In accordance with the plain language of the policies at issue, which terms and limitations are consistent with Kentucky's Underinsured Motorist Statute, Pridham is simply not entitled to the UIM coverage at issue. His reliance upon *Coots v. Allstate Insurance Company,* Ky., 853 S.W.2d 895 (1993), *Allstate Insurance Company v. Dicke,* Ky., 862 S.W.2d 327 (1993), and the line of cases preceding those decisions which involve UIM and uninsured motorist (UM) coverage is simply misplaced in this instance. The scope of those decisions does not extend to the factual pattern presented in the case at bar.

Pridham asserts that the State Farm insurance contract is ambiguous as to whether a passenger is an insured for purposes of UIM coverage. Thus, he argues it must be construed in favor of him in a manner to effect coverage. He cites a myriad of case law in support of his argument that ambiguities in contractual agreements concerning insurance coverage must be resolved in favor of the insured, *e.g., Eyler v. Nationwide Mutual Fire Insurance Company,* Ky., 824 S.W.2d 855 (1992); *Universal Underwriters Insurance Company v. Travelers Insurance Company,* Ky., 451 S.W.2d 616 (1970); *Washington National Insurance Company v. Burke,* Ky., 258 S.W.2d 709 (1953); and *Grimes v. Nationwide Mutual Insurance Company/Nationwide Mutual Fire Insurance Company,* Ky.App., 705 S.W.2d 926 (1985). However, the pivotal question here is not whether Pridham is an insured under Wigginton's policy, clearly he is an "insured" for certain types of applicable coverages; the question is rather whether the facts of this case trigger the UIM coverage provisions of the contract. The clear and unambiguous terms of the contract reveal that such coverage is not available in this circumstance. Pridham, as an occupant of the motor vehicle, was covered under the policy. He has been paid the full limits of liability coverage provided thereunder. He may not now claim that he is entitled to recover under the "underinsured coverage" provision of the same policy. State Farm's policy language regarding UIM coverage defines an "underinsured motor vehicle" in a manner excluding the vehicle occupied by Pridham. The language is plain, clear and unambiguous. Arguments to the contrary are without merit. The limiting language of the policy, being consistent with statutory mandates, is valid and enforceable. Neither the rules of statutory construction nor the doctrine of reasonable expectations requires extension of UIM coverage to Pridham under the facts and circumstances as stipulated herein.

We will not address the issue of "stacking" UIM coverage benefits. The issue is rendered moot given the conclusion that Pridham is not entitled to UIM benefits under either policy.

Accordingly, the judgment of the Hardin Circuit Court is affirmed.

All concur.