John N. HODGIN; and Aaron
L. Hodgin, Appellants,

v.

ALLSTATE INSURANCE COMPANY,
Appellee.

No. 94–CA–2850–MR.

Court of Appeals of Kentucky.

April 26, 1996.

Discretionary Review Denied by
Supreme Court Jan. 22, 1997.

David B. Gray, Louisville, for Appellants.

A. Campbell Ewen, Lawrence W. Cook, John M. Bush, Louisville, for Appellee.

Before DYCHE, GARDNER and GUDGEL, JJ.

GUDGEL, Judge:

This is an appeal from a partial summary judgment granted by the Jefferson Circuit Court. The court dismissed a claim seeking an adjudication that an award of punitive damages against an underinsured third-party tortfeasor would fall within the coverage provided by the underinsured motorist (UIM) provisions of appellants' motor vehicle liability insurance policy issued by appellee Allstate Insurance Company (Allstate). Appellants contend that the trial court erred by failing to find that Allstate unilaterally and unconscionably took advantage of them by modifying their original insurance contract to specifically exclude such coverage, and by failing to find that Allstate's punitive damages exclusion clause is invalid because it violates both KRS 304.39–320 and the public policy of this state. We disagree with appellants' contentions. Hence, we affirm.

In June 1992 appellants were injured when their vehicle was struck by a vehicle driven by an allegedly intoxicated driver, George Hardesty. Appellants filed a tort action against Hardesty, seeking awards of both compensatory and punitive damages. The complaint in the action was subsequently amended to add a claim against Allstate for UIM benefits since the damages which appellants incurred allegedly exceeded the limits of liability provided by Hardesty's liability insurance policy.

Subsequently, appellants settled with Hardesty and his insurer for the limits of liability provided by his liability insurance policy. Appellants and Allstate thereupon each filed cross motions for partial summary judgment as to the issue of whether appellants were entitled to recover an award of punitive damages under the UIM provisions of Allstate's liability insurance policy. The trial court found that appellants' policy did not afford UIM coverage regarding punitive damages and granted Allstate a partial summary judgment. This appeal followed.

■ First, appellants contend that the trial court erred by failing to find that Allstate unilaterally and unconscionably took advantage of them by modifying the terms of their original insurance contract so as to specifical-

ly exclude UIM coverage for punitive damages. We disagree.

It is uncontested that, prior to the collision, Allstate issued an amendatory endorsement which purported to alter the original terms of appellants' insurance policy. In large, bold, capital letters at the top of the first page of the amendatory endorsement was the following statement: "THIS FORM CHANGES YOUR POLICY—KEEP IT WITH YOUR POLICY." On page four of the document was specific notification that the existing uninsured motorist (UM) provision, which by definition included UIM coverage, was being replaced by a UM/UIM provision which stated in pertinent part as follows:

> *We will pay damages because of bodily injury* which an insured person is legally entitled to recover from the owner or operator of an uninsured or *underinsured* auto. Bodily injury must be caused by accident and arise out of the ownership, maintenance or use of an uninsured or underinsured auto. *We will not pay any punitive or exemplary damages.* (Emphasis added.)

Certainly the amendatory endorsement, which appellants acknowledge they received, clearly advised them that a change was being made in the parties' original policy, and hence, served to validly modify the original terms of that policy. *See Goodin v. General Accident Fire and Life Assurance Corporation, Ltd.,* Ky., 450 S.W.2d 252 (1970); 43 Am.Jur.2d *Insurance* § 448 (1982). Moreover, we cannot agree with appellants' contention that a different result must be reached in order to either eliminate ambiguity or ensure the continued effectiveness of the insurance contract. In short, as we view it the language of Allstate's punitive damages exclusion regarding UIM coverage is "plain, clear and unambiguous," and appellants' "[a]rguments to the contrary are without merit." *Pridham v. State Farm Mutual Insurance Co.,* Ky.App., 903 S.W.2d 909, 911 (1995).

■ Next, appellants contend that the trial court erred by failing to find that Allstate's punitive damages exclusion clause regarding UIM coverage violates KRS 304.39–320. Alternatively, appellants contend that even if

the exclusion does not violate the statute, it is void and unenforceable as being violative of public policy. We disagree with both prongs of this contention.

KRS 304.39–320(2) states in pertinent part as follows:

Every insurer shall make available upon request to its insureds underinsured motorist coverage, whereby *subject to the terms and conditions of such coverage not inconsistent with this section* the insurance company agrees to pay its own insured for such *uncompensated damages as he may recover on account of injury* due to a motor vehicle accident because the judgment recovered against the owner of the other vehicle exceeds the liability policy limits thereon, to the extent of the underinsurance policy limits on the vehicle of the party recovering. (Emphasis added.)

As noted earlier, Allstate specifically amended appellants' policy to state that "[w]e will not pay any punitive or exemplary damages" regarding UM/UIM coverage. Appellants contend, however, that the language of KRS 304.39–320(2) which requires an insurer to offer the insured UIM coverage for "uncompensated damages as he may recover on account of injury" mandates that an insurer such as Allstate must provide UIM coverage for awards of punitive damages against underinsured third-party tortfeasors. We find appellants' contention in this vein to be meritless. Indeed, when read as a whole the statute specifically and unambiguously permits an insurer to impose terms and conditions of coverage "not inconsistent with this section" and, contrary to appellants' contention, there is nothing in the language of the statute which expressly or impliedly prohibits an exclusion regarding punitive damages. Therefore, unless it is violative of public policy, the punitive damages exclusion must be upheld.

Appellants support their argument that Allstate's punitive damages exclusion is violative of public policy by citing us to several cases from other jurisdictions in which the UM and/or UIM coverage provisions at issue therein were found to require insurers to compensate insureds not only for all sums which the insureds were entitled to recover as compensatory damages from uninsured or underinsured tortfeasors on account of bodily injury, but also for any punitive damages awards made against the tortfeasors in excess of the liability limits of the tortfeasors' insurance policies. *See Lavender v. State Farm Mutual Automobile Insurance Co.,* 828 F.2d 1517 (11th Cir.1987) (applying Alabama law); *Adams v. Brannan,* 500 So.2d 236 (Fla.App.1986); *Hutchinson v. J.C. Penney Casualty Insurance Co.,* 17 Ohio St.3d 195, 478 N.E.2d 1000 (1985); *Mullins v. Miller,* 683 S.W.2d 669 (Tenn.1984); *Lipscombe v. Security Insurance Co. of Hartford,* 213 Va. 81, 189 S.E.2d 320 (1972).

However, we are not persuaded by appellants' argument that persons such as themselves have a reasonable expectation that their UIM coverage will apply to awards of punitive damages against underinsured tortfeasors. On the contrary, in our view most consumers purchase UIM coverage to provide protection against uncompensated injuries which they might sustain, and not for the purpose of ensuring their right to punish underinsured motorists through awards of punitive damages. Thus, we perceive no basis for finding that Kentucky doctrine pertaining to an insured's reasonable expectations invalidates Allstate's exclusion. Moreover, since here the UIM insurer had no contractual relationship with the third-party tortfeasor either before or after the accident, this situation materially differs from one in which an insurer has elected to stand in its insured's shoes for personal liability purposes and then is held obligated to pay punitive damages assessed against that insured. *See Continental Insurance Cos. v. Hancock,* Ky., 507 S.W.2d 146 (1973). *See also State Farm Mutual Automobile Insurance Co. v. Wilson,* 162 Ariz. 251, 782 P.2d 727 (1989). Further, we are not persuaded by appellants' contention that Allstate should be prohibited from excluding punitive damages from its UIM coverage based upon the same public policy concerns which prevent an insurer from prohibiting the stacking of items of coverage for which an insured has paid separate premiums. Unlike an antistacking provision, a punitive dam-

ages exclusion simply defines the parameters of coverage, rather than eliminating coverage for any specific items as to which separate premiums have been paid with the reasonable expectation of multiple coverage. *Compare Allstate Insurance Co. v. Dicke,* Ky., 862 S.W.2d 327 (1993), and *Chaffin v. Kentucky Farm Bureau Insurance Co.,* Ky., 789 S.W.2d 754 (1990), and *Hamilton v. Allstate Insurance Co.,* Ky., 789 S.W.2d 751 (1990) (prohibiting antistacking provisions regarding items of UM and UIM coverage for which separate insurance premiums were paid).

■ The general rule adopted by the majority of jurisdictions which have addressed the issue is that an insurer is not required to provide UM/UIM coverage in regard to awards of punitive damages against uninsured or underinsured third-party tortfeasors. *See, e.g., State Farm v. Wilson, supra; State Farm Mutual Automobile Insurance Co. v. Weathers,* 260 Ga. 123, 392 S.E.2d 1 (1990); *Shuamber v. Henderson,* 563 N.E.2d 1314 (Ind.App.1990), *vacated in part on other grounds,* 579 N.E.2d 452 (Ind.1991); *Fortier v. Hamblin,* 610 So.2d 897 (La.App.1992); *Santos v. Lumbermens Mutual Casualty Co.,* 408 Mass. 70, 556 N.E.2d 983 (1990); *State Farm Mutual Insurance Co. v. Blevins,* 49 Ohio St.3d 165, 551 N.E.2d 955 (1990); *Aetna Casualty and Surety Co. v. Craig,* 771 P.2d 212 (Okla.1989); *Government Employees Insurance Co. v. Lichte,* 792 S.W.2d 546 (Tex.App.1990). We are persuaded by the reasoning in these cases that UIM coverage was intended only to provide protection against uncompensated injury, and not protection of an insured's right to also seek damages punishing and deterring a tortfeasor. This is an especially appropriate rule in Kentucky, where the applicable statute only requires that UIM coverage be offered for uncompensated damages incurred "on account of injury," and the statute does not prohibit an insurer's policy exclusion of punitive damages. Accordingly, we hold that the trial court did not err by finding that Allstate's UIM coverage exclusion regarding punitive damages is not violative of public policy.

Finally, we note that in light of our decision to this point, we need not address appellants' argument that the court erred by failing to find that Allstate was not released from liability for punitive damages by virtue of appellants' settlement with the tortfeasor and his insurer.

The court's judgment is affirmed.

All concur.