Liss **MARCUM** and Edgaretta, Marcum, Appellants,

v.

Kevin **RICE**, Millard Rice, Louanne Rice and Grange Mutual Casualty Company, Appellees.

No. 98–SC–503–CL.

Supreme Court of Kentucky.

March 25, 1999.

Timothy C. Bailey, Guy R. Bucci, J. Kristofer Cormany, Charleston, West Virginia, Eldred E. Adams, Jr., Adams & Adams, Louisa, KY, for appellants.

Daniel R. Schuda, Ancil G. Ramey, Nora C. Price, Steptoe & Johnson, Charleston, West Virginia, for appellee.

N. Jeffrey Blankenship, Edward S. Monohan, IV, Monohan, Hertz & Blankenship, Florence, KY, for amicus curiae, Kentucky Academy of Trial Attorneys, Inc.

LAMBERT, Chief Justice.

This Court granted the certification request of the Supreme Court of Appeals of West Virginia pursuant to CR 76.37(1) to resolve the question of whether the public policy of Kentucky is violated by an automobile insurance carrier when it charges separate premiums for liability coverage for multiple vehicles in a single insurance policy, but only a single premium for a single item of underinsured motorist coverage, thereby defeating the claimed right of a UIM insured to aggregate or "stack" underinsured motorist coverage for all vehicles insured under the policy. To resolve this issue of first impression, we must consider the public policy underlying stacking as it relates to the premium charged for the underinsured motorist ("UIM") coverage and whether the policyholder must make a knowing and intelligent waiver of the "right" to stack UIM coverages.

This case arose as a consequence of an automobile accident that occurred in West Virginia and involved a Kentucky resident. On July 13, 1995, Liss Marcum was a passenger in a vehicle owned and operated by Troy Powers. While the vehicle was stopped in traffic on U.S. Route 52 in Steptown, West Virginia, it was struck in the rear by a vehicle driven by Kevin Rice. As a result, Marcum suffered permanent physical injuries that left him unable to work. Marcum was a Kentucky resident with a Grange Mutual Casualty Company ("Grange") insurance policy written in Kentucky by a Kentucky agent. It insured four vehicles licensed and registered in Kentucky. Separate liability premiums were charged for each of the four vehicles, but only a single premium of $14 was charged for one item of UIM coverage in the amount of $100,000 per person per accident. With regard to the UIM coverage, the insurance policy stated:

The limit of liability shown in the Declarations for 'each person' for Underinsured Motorists Coverage is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of bodily injury sustained by any one insured in any one motor vehicle accident.

Subject to this limit for 'each person', the limit of liability shown in the Declarations for 'each accident' for Underinsured Motorists Coverage is our maximum limit of liability for all damages for bodily injury sustained by two or more insureds resulting from any one motor vehicle accident. This is the most we will pay regardless of the number of:

1. Insureds;

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the accident.

This language is unambiguous in its declaration that the policyholder receives only a single recovery of UIM coverage per person regardless of the number of vehicles insured.

Appellants, Liss and Edgaretta Marcum, timely filed this action in the Circuit Court of Wayne County, West Virginia against Kevin Rice and his parents. Their insurer paid its liability policy limits. Thereafter, Appellants amended their complaint to name Grange as a defendant, contending that they were entitled to stack their UIM limit for each of their four vehicles as a matter of Kentucky law for a total of $400,000. Grange stipulated that Appellants were entitled to the full policy limits, yet it argued that since only a single premium had been charged for the UIM coverage provided in the policy which insured the four vehicles, and that the exclusion was unambiguous, there could be no stacking. The circuit court granted summary judgment to Grange. Appellants petitioned the West Virginia Supreme Court of Appeals to hear their appeal or, in the alternative, to certify the stacking question to this Court. As heretofore stated, a certification request was made, and we hereby certify the law of Kentucky to the Supreme Court of Appeals of West Virginia.

The "single premium" issue was recently considered by the Court of Appeals of Kentucky in *Swartz v. Metropolitan Property and Casualty Company*, Ky.App., 949 S.W.2d 72 (1997). In *Swartz*, the sole issue was whether an insured could stack UIM coverage under a policy which, while ostensibly charging a single premium for the protec-

tion, in fact based the premium on the number of vehicles insured. *Id.* 72–73. In its holding, the court relied on the doctrine of reasonable expectations, noting that the deciding factor in such an analysis was what the insured actually paid for UIM coverage and the manner in which the insurance company calculated and billed the premium. *Id.* at 75. Noting that Metropolitan charged a $6.00 premium for UIM coverage for one vehicle, while charging a single $10.00 premium for coverage for two or more vehicles, the court held that the Swartzes had actually purchased two units of UIM coverage, which they were entitled to stack. *Id.* at 76–78.

■ We agree with the reasoning in *Swartz.* Under the doctrine of "reasonable expectations," when one has bought and paid for an item of insurance coverage, he may reasonably expect it to be provided. *Allstate Insurance Company v. Dicke,* Ky., 862 S.W.2d 327, 329 (1993); *Hamilton v. Allstate Insurance Company,* Ky., 789 S.W.2d 751, 753 (1990). The reasonable expectations of an insured are generally determined on the basis of an objective analysis of separate policy items and the premiums charged for each. *Swartz,* 949 S.W.2d at 75. The determinative issue in the instant case, therefore, is how many items of UIM coverage Appellants actually purchased, regardless of the fact that the insurance policy characterized the payment as only a single premium.

According to Grange, its UIM premium structure was modified in 1989 to avoid stacking. The new premium was a per policy rate based upon the average number of vehicles (between two and three) owned by all Grange policyholders in Kentucky. In 1991, Grange changed its UIM premium procedure again, using an actuarial projection of future losses that was based upon data from Grange's loss experience for the previous three years. Grange reviews its rates under this formula and increases them annually. Grange does not allow its Kentucky policyholders to pay multiple premiums for UIM coverage, but the policyholders may purchase such coverage in any amount up to $1 million. The UIM coverage on Grange's Kentucky policies remains the same regardless of the number of vehicles or insureds on a particu-

lar policy and depends entirely on the amount of UIM coverage purchased.

As previously noted, Appellants paid a single premium of $14 for UIM coverage that was available on a per person basis according to the plain language of the insurance policy. Unlike the UIM premium at issue in *Swartz,* the UIM premium in the Grange policy did not vary according to the number of vehicles covered by the policy. Thus, *Swartz* is distinguishable from the case at bar. This case represents a UIM coverage pricing procedure anticipated and condoned by *Swartz:* "an insurance company could, through the calculation and adoption of an actuarially appropriate premium, charge an insured a single UIM fee *regardless of the number of vehicles covered under the policy,* entitling that insured to only one unit of UIM protection." 949 S.W.2d at 77. An actuarially appropriate premium was charged in the case at bar, and thus Appellants are entitled to only one item of UIM coverage.

■ Appellants further argue that stacking of UIM coverage should be nevertheless available to them because they were not given an opportunity to make an explicit knowing and intelligent waiver of their right to stack UIM coverage. In *Swartz,* Appellants point out, the policyholders were sent notice that the insurer had changed its practice of charging multiple premiums for multiple vehicles to charging a single premium per policy and that the policyholders were no longer entitled to stack UIM coverages. Appellants contend that equity requires a similar disclosure to them. In response, Grange contends that because the waiver issue was neither presented to the circuit court nor the Supreme Court of Appeals of West Virginia, the issue is not preserved for appellate review, but in any event, lacks merit. In the posture of this case, it would be inappropriate to resolve this issue on preservation grounds.

■ While the *Swartz* opinion recognized that in the renewal package an "important notice" indicating changes in coverage was furnished, this fact did not affect the outcome nor figure prominently in the Court's reasoning. In our view, where the language of an insurance contract unambiguously explains

the terms and conditions, no separate formal notification is required to effectuate a policy provision unless the unannounced change misleads an insured. As the required notice is in the contract and unless the terms are invalid on some other grounds, ordinarily a separate bulletin or notification supplemental to the policy is not necessary. As the terms of the insurance policy here were clear by the plain language, the policy must be enforced.

Neither are we persuaded that appellants' reliance on Kentucky law with respect to stacking entitled them to a special notice from Grange. As indicated hereinabove, the public policy underlying our decisions was not rigid, but was based on our interpretation of insurance policies (and reasonable expectations) that differed materially from the Grange policy. Rather, our prior decisions, *Allstate Insurance Company v. Dicke*, Ky., 862 S.W.2d 327 (1993); *Hamilton v. Allstate Insurance Company*, Ky., 789 S.W.2d 751 (1990), fairly invited modification of insurance policies to reflect accurately a true state of affairs. While one is entitled to receive that which has been bought and paid for and may be reasonably expected, there is no entitlement to that which has not been bought and paid for nor should have been expected.

Upon our determination that the policy provision at issue here was not in violation of the public policy of this Commonwealth, we conclude that it should be enforced. The law of Kentucky is hereby certified to the Supreme Court of Appeals of West Virginia.

GRAVES, JOHNSTONE, STUMBO, STEPHENS, and WINTERSHEIMER JJ., concur.

COOPER, J., concurs in result only.