**Deborah COLE, Appellant,**

v.

**STATE AUTO INSURANCE COMPANY, Appellee.**

**No. 1998–CA–002459–MR.**

Court of Appeals of Kentucky.

March 24, 2000.

Case Ordered Published by
Court of Appeals May 19, 2000.

A. Neal Herrington, Liddell Vaughn, Louisville, Kentucky, for Appellant. John R. Martin, Jr., Louisville, Kentucky, for Appellee.

Before: EMBERTON, MILLER and TACKETT, Judges.

## OPINION

TACKETT, Judge:

Appellant, Deborah Cole (Cole), appeals from a judgment of the Jefferson Circuit Court, which held that she could not stack underinsured motorist (UIM) coverage under her policy from appellee, State Auto Insurance Company (State Auto). The issue of stacking is the only issue presented on appeal. We affirm.

Cole was injured in an automobile accident on October 18, 1994. A claim against the other motorist was settled for the policy limits, and a direct action for UIM benefits was filed in the Jefferson Circuit Court. At trial, Cole was awarded a total of $490,180.58 in damages. Cole asserted that she should be allowed to stack her underinsured coverage so as to recover $200,000 in UIM benefits. The trial court disagreed and allowed her only $100,000 in UIM benefits.

The recent case of *Estate of Swartz v. Metropolitan Property and Casualty Co.,* Ky.App., 949 S.W.2d 72 (1997), is dispositive. In *Swartz,* we held that stacking was permitted when what appeared to be "policy-based" UIM coverage was in fact per-car coverage. In *Swartz* the premiums were significantly different if a policyholder had one car as opposed to multiple cars. We concluded that since Swartz had in fact paid for two units of UIM coverage,

Swartz was entitled to stack that coverage. However, we noted that "an insurance company could, through the calculation and adoption of an actuarially appropriate premium, charge an insured a single UIM fee *regardless of the number of vehicles covered under the policy,* entitling that insured to only one unit of UIM protection." *Id.* at 77.

Recently, the Kentucky Supreme Court revisited the issue presented in *Swartz,* in the case of *Marcum v. Rice,* Ky., 987 S.W.2d 789 (1999). The court distinguished the situation in *Swartz* from the facts in *Marcum,* noting that the premiums did not vary with the number of vehicles covered. The court held that the insured could not stack coverage, as the UIM premium structure that Grange Mutual Casualty Company had implemented was of the type "anticipated and condoned" in *Swartz. Marcum* at 791.

In the present case, State Auto had implemented a premium structure similar to the one in the *Marcum* case. It was demonstrated that Cole paid the same premium for her two cars as other policyholders paid for one, two, or more cars. She did not purchase two units of UIM coverage. In the declaration sheets attached to Cole's brief, we note that under her old policy, she would in fact have been able to stack coverage, as it clearly shows that she bought two units of coverage. However, the declaration sheet for the coverage in effect at the time of the accident clearly shows that the UIM coverage was policy-based. Accordingly, under the rule set forth in *Swartz,* Cole is not entitled to stack her UIM coverage.

For the foregoing reasons, the judgment of the Jefferson Circuit Court is affirmed.

ALL CONCUR.