DEERFIELD INSURANCE COMPANY f/d/b/a and as Successor in Interest to First Reinsurance Company of Hartford, Inc., Appellant,

v.

WARREN COUNTY FISCAL COURT ex rel CITY COUNTY PLANNING COMMISSION; City of Bowling Green; Joseph Koch; Risk Management Associates, Inc.; and Van Meter Insurance Agency, Appellees,

and

Warren County Fiscal Court ex rel City–County Planning Commission, Cross–Appellant,

v.

Deerfield Insurance Company f/d/b/a and as Successor in Interest to First Reinsurance Company of Hartford, Inc.; Joseph Koch; Risk Management Associates, Inc.; The City of Bowling Green; and Van Meter Insurance Agency, Cross–Appellees,

and

Van Meter Insurance Agency, Inc., Cross–Appellant,

v.

Warren County Fiscal Court ex rel City–County Planning Commission; City of Bowling Green; Deerfield Insurance Company f/d/b/a and as Successor in Interest to First Reinsurance Company of Hartford, Inc.; Joseph Koch; and Risk Management Associates, Inc., Cross–Appellees.

Nos. 2000–CA–002774–MR, 2000–CA–002823–MR, 2000–CA–002864–MR.

Court of Appeals of Kentucky.

May 17, 2002.

**868**

Howard E. Frasier, Jr., Bowling Green, KY, William P. Bila, Jennifer A. Gallagher,

Hugh S. Balsam, Chicago, IL, for appellant/cross-appellee Deerfield Insurance Company.

Scott A. Bachert, David W. Mushlin, Amanda A. Young, Bowling Green, KY, for appellee/cross-appellant Van Meter Insurance Agency.

Penny Travelsted, Bowling Green, KY, for appellee Risk Management Services.

John David Cole, Matthew P. Cook, Bowling Green, KY, for appellee/cross-appellant Warren County Fiscal Court ex rel City–County Planning Commission.

Before COMBS, EMBERTON, and TACKETT, Judges.

*OPINION*

COMBS, Judge.

Deerfield Insurance Company[1] (Deerfield) f/d/b/a First Reinsurance Company of Hartford (First Reinsurance), appeals the summary judgment of the Warren Circuit Court which resolved issues of insurance coverage in favor of the appellee, Warren County Fiscal Court *ex rel.* City County Planning Commission. The trial court concluded as a matter of law that the insurer owed a duty to defend and indemnify the Planning Commission in a lawsuit filed by Joseph Koch, a former employee of the Planning Commission. After our review of the record and the pertinent authorities, we affirm in part, reverse in part and remand, and dismiss the cross-appeals as moot.

In 1997, upon receipt of an application from Warren County (the County), First Reinsurance issued a public officials' liability insurance policy. The declarations page of the policy identified Warren County as the named "Public Entity" entitled to

1. First Reinsurance was the name of the entity originally insuring the Warren County Fiscal Court. It later became Deerfield. Their names shall appear somewhat interchange-ably in this opinion as they do throughout the briefs. For all purposes, they are the same entity.

coverage. The policy had a $10,000,000 limit of liability coverage, and it included an endorsement for wrongful employment practices. In selecting and obtaining coverage, the County had consulted appellee Van Meter Insurance Agency, a local, independent insurance agency. Van Meter then contacted appellee Risk Management Associates, Inc., an insurance broker. Risk Management obtained a quote from First Reinsurance and signed the County's application for insurance.

The policy issued by First Reinsurance obligated the insurer to pay on behalf of the County:

> all **Loss** in excess of the deductible which the **Insured** shall become legally obligated to pay as a result of **Claims** first made against the insured during the **Policy Period** ... because of any **Wrongful Act** committed by the **Insured.** (Bold in original.)

"Loss" was defined in the policy as:

> any amount including **Claims Expenses** which an **Insured** is legally obligated to pay or which the **Public Entity** shall be required or permitted by law to pay on behalf of any **Insured Person,** for any covered **Claim,** including judgments and settlements. *Loss does not include: (1) punitive or exemplary damages* ... (Bold in original; emphasis added.)

The policy also specifically excluded "any **Claim** arising out of defamation[.]" The policy's endorsement for employment-related offenses committed by an insured provided rather extensive coverage, including: (1) wrongful termination; (2) employment discrimination; (3) sexual harassment; and (4) retaliation defined as follows:

> retaliatory treatment against an employee of the **Public Entity** on account of such employee's exercise or attempted exercise of his or her rights under law. (Bold in original; emphasis added.)

The endorsement also amended the policy's definition of "loss" to include "any salary, wages or other employment related benefits which the **Public Entity** is liable to pay any employee[.]"

On June 25, 1998, while the policy was in force, Koch filed a complaint alleging that he had been fired in retaliation for having reported that several of his co-workers at the Planning Commission were committing waste and fraud. He sought damages for lost wages, emotional distress, damage to his reputation, and punitive damages. The Planning Commission, the City of Bowling Green, and the Warren County Fiscal Court were all named as defendants. First Reinsurance undertook representation of the County; it represented the Planning Commission, however, under a reservation of rights.

Pursuant to CR[2] 12.02, the City moved to be dismissed from Koch's lawsuit. The City argued that the Planning Commission was a wholly independent entity over which it had no control:

> It is clear from the provisions of [KRS][3] Chapter 100 and from the agreement creating the joint City–County Planning Unit that it is contemplated that the joint planning unit is an independent entity with its own finances, its own governing body and with the ability to employ its own planners or other staff. The City of Bowling Green does not employ the staff at the Planning Commission, the City of Bowling Green does not pay the staff at the Planning

---

**2.** Kentucky Rules of Civil Procedure.

**3.** Kentucky Revised Statutes.

Commission and the City of Bowling Green does not terminate employment of the personnel at the Planning Commission.

The County joined in the City's motion and stated that it was "similarily [sic] situated" with respect to the Planning Commission. Based on the County's contention/admission that it had no responsibility for the operation of the Planning Commission or, therefore, for Koch's employment status with the Commission, First Reinsurance gave notice of its intention to withdraw its representation of the Planning Commission. However, it continued to defend its insured, Warren County, until the County was dismissed from the litigation. The County was voluntarily dismissed from the retaliation suit.

Koch proceeded to trial solely against the Planning Commission in June 1999. He was ultimately awarded a judgment totalling $272,710.00, including: $47,710 for back wages; $25,000 in compensatory damages; $50,000 for injury to his reputation; and $150,000 in punitive damages.[4]

In September 1999, the County filed a petition for declaration of rights in which it sought a judgment that First Reinsurance was required to defend the Planning Commission in the Koch lawsuit and to indemnify the County for the loss it incurred because of the jury's award. Alternatively, it sought: (1) a judgment requiring the City of Bowling Green to satisfy 50% of Koch's judgment; or (2) a declaration that appellee Van Meter, having failed to obtain suitable coverage about which it had been specifically consulted, was responsible for satisfying the judgment in favor of Koch.

Van Meter filed a third-party complaint against Risk Management. The County had made a direct request to list all possible entities for which it sought coverage—explicitly seeking to include the Planning Commission. However, Van Meter alleged that Risk Management had advised the County that it was *not* in the County's best interest to list additional named insureds on the policy in order to achieve the broadest possible coverage, avoiding the inadvertent omission of an entity that would have enjoyed coverage but for the failed recitation or attempted litany of insureds.

Warren County moved for summary judgment. Its sole argument was that the County had a "reasonable expectation" of coverage from First Reinsurance based on the assurances made by Van Meter that it was afforded such broad coverage under its policy. The County argued that Van Meter—as the agent of First Reinsurance—was vested with either the actual or the apparent authority to bind the insurer and that indeed it had so bound First Reinsurance by its representations contained in two letters (hereinafter, the "Van Meter letters") sent to the Warren County Judge/Executive after Koch filed his lawsuit. The first letter, dated September 2, 1998, reads in relevant part as follows:

> Dear Judge Buchanon,
>
> We have confirmed that Warren County/Bowling Green Planning & Zoning [sic] is a named insured covered under the Public Officials['] Policy for Warren County of Kentucky.
>
> Shane Caldwell of Risk Management Associates is presently in the process of clearing up any misunderstandings between the underwriting department and

---

4. This Court affirmed the judgment on January 12, 2001, in appeal No. 1999–CA–001814–MR, in an opinion designated "not to be published." The Kentucky Supreme Court denied the Planning Commission's motion for discretionary review on December 12, 2001. At oral argument, counsel for the County advised this court that Koch's judgment has been satisfied, 50% by the County and 50% by the City of Bowling Green.

the claims department, so that we can proceed forward on this current employment practices claim.

The insurance company's claim's department originally was trying to deny coverage for the Warren County/Bowling Green Planning & Zoning office, because it was brought to their attention by representing Warren County attorneys that the Planning & Zoning was not a controlled entity of Warren County....

However, the coverage issue was not resolved according to the second letter, dated April 1, 1999:

Dear Judge Buchanon:

This letter will serve to reiterate our phone conversation of 03/29/99. As discussed, the above referenced claim is covered under the County's Public Official [sic] Policy according to Van Meter Insurance Agency's documentation. Please note the policy has a $10,000 deductible in lieu of $5,000.

As of this writing, the insurance companies *have not accepted responsibility.* We continue to work diligently to resolve this coverage issue.

Should any future clarification be needed, please do not hesitate to give me a call. Thanks. (Emphasis added.)

Warren County also moved for summary judgment against the City of Bowling Green. In its brief, the County described the manner in which the Planning Commission had been created; *i.e.,* pursuant to an agreement between and among the County, the City of Bowling Green, and other incorporated cities within the County. It is not disputed that both the County and the City agreed to fund 50% of the Planning Commission's expenditures. Thus, the County maintained that the City should be required to satisfy 50% of the judgment against the Planning Commission if the trial court determined that the County did not have insurance coverage.

The insurer, now Deerfield (formerly, First Reinsurance), moved for a partial summary judgment on yet another issue: if its policy were to be determined to apply to Koch's judgment, would it then provide coverage for the award of punitive damages and defamation damages awarded to Koch? The County responded that the policy was internally ambiguous with respect to the issue of these damages. While the general *policy* contained an explicit provision excluding punitive damages and damages arising from defamation, the *endorsement* for wrongful employment practices did not specifically repeat and reiterate the policy's exclusion for punitive and defamation damages.

On September 18, 2000, the Warren Circuit Court entered the first of two orders under review in this appeal. It granted the County's motion for summary judgment on the issue of coverage (finding that coverage existed) and denied Deerfield's motion with respect to punitive damages (holding it liable for the punitive damages portion of the award). In so ruling, the trial court determined: (1) that Van Meter was—at all relevant times—Deerfield's agent; (2) that the Van Meter letters bound the insurer to provide a defense and to indemnify the Planning Commission for the entirety of the Koch lawsuit; (3) that the policy was ambiguous with respect to the issue of punitive damages; and (4) that under the doctrine of reasonable expectations, the Planning Commission was entitled to be fully indemnified for all damages awarded to Koch. In addition, the trial court awarded the Commission its attorneys' fees incurred in defending the Koch lawsuit as well those that resulted from litigating the declaration of rights action.

Deerfield then moved for permission to file a cross-claim against Van Meter. Van Meter moved the trial court to amend its judgment so as to find that the policy was

ambiguous with respect to the named insured and to conclude as a matter of law that the Commission was an insured under the policy. Satisfied with the trial court's ruling that the insurer was estopped from denying coverage, the County sought to remain neutral at this juncture and declined to take "any formal position" with respect to Van Meter's motion.

On November 2, 1998, the trial court entered the second order involved in this appeal. Granting Van Meter's motion to amend the judgment, the court concluded that the policy's definition of "insured" was ambiguous and accordingly interpreted it to include the Planning Commission. The trial court also ordered that Deerfield's motion to file a cross-complaint against Van Meter be held in abeyance. The remaining claim of Warren County against the City was not addressed by the lower court; the County's claim against Van Meter and Van Meter's third-party complaint against Risk Management were dismissed as moot.

Deerfield appeals the two orders which were made final by the inclusion of CR 54.02 recitals. The County cross-appeals the dismissal of its claims against Van Meter and Van Meter's third-party complaint against Risk Management. Van Meter cross-appeals the trial court's ruling that it is the agent of Deerfield.

If correct, the trial court's amended judgment of November 2, 1998, would render moot its original judgment basing coverage on estoppel and agency theories-as well as mooting the County's protective cross-appeals and Van Meter's cross-appeal. We have outlined and shall address the coverage issues in Deerfield's direct appeal as follows:

*I. Ambiguity / The Definition of Insured*

Did the trial court err in concluding that the policy was ambiguous with respect to the definition of "insured" and in further concluding that the county had a reasonable expectation of coverage for any wrongful acts committed by employees of the Planning Commission?

*II. Agency / Estoppel*

Did the trial court err in concluding as a matter of law that Deerfield was estopped from denying coverage to the Planning Commission because of the representations contained in the letters from Van Meter?

*III. Punitive and Defamatory Damages*

If there is coverage for the Planning Commission under either theory, did the trial court err in concluding that the policy was ambiguous with respect to whether punitive and defamatory damages are excluded from coverage?

**I. Ambiguity/The Definition of *Insured***

The policy provisions relevant to the definition of *insured* are the following:

E.   **Insured persons** means any person who is, was, or shall become a lawfully elected, appointed or employed official of the **Public Entity. Insured Persons** also includes any *members of commissions,* boards or other units insured under this Policy, employees, and volunteers *who perform services for and under the direction and control of* the **Public Entity,** and in the event of the death, incapacity or bankruptcy of any **Insured Persons,** the estate, heirs, legal representatives or assigns of such **Insured Persons.**

F.   Insured means:

(1) The **Public Entity** named in Item 1 of the Declarations;

(2) All persons who were, now are, or shall be lawfully elected, appointed or employed officials of the **Public Entity.**

(3) *Members of commissions,* boards or other units *operated by and under the jurisdiction of* such **Public Entity** and within apportionment of the total operating budget of the **Public Entity** provided that the insurance afforded shall not extend to any of the following boards, commissions or units unless specifically endorsed hereon: schools, airports, transit authorities, hospitals, municipally owned utilities, or housing authorities;

(4) All employees and all persons who perform a service on a volunteer basis for the **Public Entity** and under its direction and control, and any persons providing services to the **Public Entity** under any mutual aid or similar agreement.

(Bold in original; emphasis added.)

The trial court found that these provisions were ambiguous and construed them against the drafter to include the Planning Commission as an insured. In so concluding, it did not explain or elaborate as to its reasoning. Deerfield counters by arguing that the policy is not ambiguous and that only those entities "operated by" and "under the jurisdiction of Warren County" are entitled to coverage. We disagree with Deerfield and believe that the trial court was correct in its determination that the policy is ambiguous and that the doctrine of reasonable expectations is properly implicated.

■ The trial court's interpretation of the insurance policy is a question of law which we review *de novo. Cinelli v. Ward,* Ky.App., 997 S.W.2d 474 (1998). The goal of any court in interpreting a contract is to ascertain and to carry out the original intentions of the parties (*Wilcox v. Wilcox,* Ky., 406 S.W.2d 152, 153 (1966)) and to interpret the terms employed in light of the usage and understanding of the average person. *Fryman v. Pilot Life Insurance Co.,* Ky., 704 S.W.2d 205, 206 (1986).

■ We must heed two principles of construction in interpreting insurance policies: (1) they must be "liberally construed" as a whole and (2) exceptions and exclusions must be "strictly construed to make insurance effective." *Kentucky Farm Bureau Mutual Ins. Co. v. McKinney,* Ky., 831 S.W.2d 164, 166 (1992), citing *Grimes v. Nationwide Mutual Insurance Co.,* Ky. App., 705 S.W.2d 926, 931 (1985). Contracts of insurance which are ambiguous (*i.e.,* susceptible of more than one *reasonable* meaning) are subject to the application of the doctrine of reasonable expectations and must be interpreted so as to provide the insured entity with all coverage that it may reasonably expect under the policy. *Simon v. Continental Insurance Co.,* Ky., 724 S.W.2d 210, 212 (1986).

■ Although the County did not originally assert the existence of any ambiguity before the trial court and instead relied on an estoppel theory (taking no position when the issue was presented by Van Meter), it now argues that "the sound reasoning of the trial court should be left undisturbed and the Planning Commission should be deemed an insured." The County also argues that the phrase "operated by and under the jurisdiction of" should be construed against Deerfield because it was not defined in the policy. Both Van Meter, which tendered the amended judgment to the trial court, and Risk Management argue that a reasonable interpretation of the term *insured* would include the Planning Commission because the County appoints four of its twelve board members and provides one-half of its operating expenses. From our review of the policy, we

are persuaded that it is ambiguous with respect to coverage for boards and commissions for which the County is legally liable and that the Planning Commission is an insured under a reasonable interpretation of the policy.

The purpose of the public officials' liability policy obtained by the County is to provide it with a defense and/or indemnification for the wrongful acts committed by its officials, employees, and even volunteers which may cause it to incur liability. As set out in Section F.(3) above, the policy specifically excludes certain types of public agencies from its scope of coverage, including schools, airports, hospitals, *etc.* There is no exception for boards or commissions—such as the Planning Commission—which are jointly operated in conjunction with another public entity. Instead, all other commissions and boards "operated by and under the jurisdiction" of the County and "within apportionment of the total operating budget" of the County are included within the definition of insured. There is no question that the Planning Commission comes within the apportionment of the total operating budget of the county. Thus, the issue narrows down to whether the Commission is "controlled" by the County as a matter of law.

Deerfield contends that the Commission is not controlled by the County, or in the alternative, that there has been no evidence introduced by the County to establish as a matter of law that it controls the Planning Commission. Relying on admissions made by the County in the underlying litigation, Deerfield correctly argues that the County does not have "exclusive" control over the Commission—nor does it have control over the day-to-day activities of the Commission. Nevertheless, there is no question (as the County now argues) that it has oversight over the Commission by virtue of its role in approving the Commission's budget, providing 50% of the Commission's financial needs, and in appointing one-third of the Commission's board members.

To recapitulate, the policy listed a series of agencies for which coverage was not provided. In naming boards and commissions as insured entities, the policy failed to list any exclusion or limitations as to sub-entities over which the County did not purport to exercise direct supervision or control. We hold that the County's degree of control over the Planning Commission is sufficient to qualify the Commission as an insured under a reasonable interpretation of the policy. Therefore, we believe the terms "operated by," "under the direction and control of" and "under the jurisdiction of" are ambiguous and subject to the doctrine of reasonable expectations. Thus, we hold that the trial court did not err in concluding that the Planning Commission had the status of an "insured" under the policy or that the County had a reasonable expectation of coverage for the wrongful employment acts of the employees of the Planning Commission. We affirm as to this issue on appeal.

## II. Agency/The Van Meter letters and estoppel as to Deerfield

Deerfield next argues that the trial court erred in its initial judgment requiring it to indemnify the county because of the contents of the Van Meter letters. Deerfield contends that Van Meter lacked either actual or apparent authority to bind it as the insurer. Regardless of Van Meter's agency status, Deerfield contends that an agent cannot create insurance coverage where it does not otherwise exist. In its cross-appeal, Van Meter also argues that the trial court erred in concluding that it was the Deerfield's agent. Our resolution of the first issue as to coverage under the policy has rendered Deerfield's remaining agency issue and the cross-appeals moot. We dismiss as moot cross-

appeal 2000–CA–002823 and cross-appeal 2000–CA–002864.

### III.  The Punitive Damages Issue

■ Deerfield argues that even if it must indemnify the county for its losses attributable to the discharge of Koch, it is entitled to enforcement of the policy's exclusions for punitive damages and damages arising from defamation.  In refusing to apply those exclusions, the trial court reasoned that the policy was ambiguous:

> [T]he subject policy excludes coverage for punitive damage and defamation claims while the accompanying endorsement to said policy states that coverage will be provided for loss occasioned by *"wrongful employment practices."* The term "wrongful employment practices" is defined in part in the endorsement to include claims for employment retaliation.  These two provisions—the punitive and defamation exclusions and the endorsement language covering claims for wrongful employment practices—are inconsistent and ambiguous such that the doctrine of reasonable expectations is triggered.

After reviewing the entire policy, including the endorsement for wrongful employment practices, we disagree with the trial court's conclusion that there is any inconsistency or ambiguity with respect to punitive damages.  At the hearing, the trial court suggested there should be coverage because a retaliatory discharge case just "screams punitive [damages]." However, the policy exclusions are clear and unambiguous in denying coverage for punitive damages and defamation.  We cannot agree that the overall exclusions contradict or otherwise affect the endorsement dealing with wrongful employment practices.  While a large portion of the $272,000 award was comprised of punitive and defamation damages, Koch was awarded a substantial sum in compensatory damages and lost wages for which the County is entitled

to reimbursement pursuant to our earlier holding in this opinion affirming the existence of coverage.  We hold that Deerfield is entitled to enforcement of the policy's specific exclusion of punitive damages from coverage.  *See, Hodgin v. Allstate Insurance Co.,* Ky.App., 935 S.W.2d 614 (1996).

■ Additionally, our holding necessitates that we vacate, in part, the award of attorneys' fees.  On remand, the insurer will be responsible for indemnifying the County for any attorneys' fees which it incurred in defending the Commission in the retaliation lawsuit.  However, that award should not include fees incurred in the declaratory judgment litigation.  Absent a contractual agreement to pay fees or a fee-shifting statute, Kentucky requires each party to be responsible for his or her own attorneys' fees.  *Nucor Corp. v. General Electric Co.,* Ky., 812 S.W.2d 136 (1991).  The County has not presented any contract obligating Deerfield to pay attorneys' fees in the event of the insurer's breach of coverage.

The summary judgment of the Warren Circuit Court is affirmed in part and reversed in part, and the matter is remanded for further proceedings consistent with this opinion.  We affirm that portion of the judgment holding that the Planning Commission was an insured and that the County had a reasonable expectation of coverage; we reverse that portion of the judgment holding that the exclusions for punitive damages and damages arising from defamation are not enforceable; we also reverse the award of attorney's fees incurred in the declaratory judgment action.  We dismiss as moot the cross-appeals of the County and Van Meter.

ALL CONCUR.