610 So.2d 897 (1992)
Kathryn M. FORTIER and Gerard C. Fortier,
v.
Larry L. HAMBLIN and Dixie Lloyd's, a Louisiana Partnership.
No. 91 CA 1665.
Court of Appeal of Louisiana, First Circuit.
November 20, 1992.
*898 Thomas L. Giraud, New Orleans, for plaintiffs-appellants.
Fred T. Hinrichs, New Orleans, for defendants-appellees.
Before CARTER, LeBLANC and GONZALES, JJ.
LeBLANC, Judge.
Plaintiffs, Gerald C. Fortier and Kathryn M. Fortier, appeal from a judgment of the trial court granting a partial motion for summary judgment in favor of defendant, Progressive American Insurance Company, which dismissed all of plaintiffs' claims for punitive and exemplary damages. We affirm.
According to plaintiffs' petition, Mr. and Mrs. Fortier were involved in an automobile accident on June 10, 1989, during which the Fortier's vehicle was struck by a vehicle driven by Mr. Larry L. Hamblin. Plaintiffs allege that Mr. Hamblin was operating his vehicle while intoxicated and subsequently plead guilty to the charge of driving while intoxicated, which charge arose out of the accident. Plaintiffs initially filed suit against Mr. Hamblin and Dixie Lloyd's, which was alleged to be Mr. Hamblin's liability insurer, seeking to recover damages for personal injury, property damage, and loss of consortium. Additionally, plaintiffs claimed exemplary damages based on La.C.C. art. 2315.4. Subsequently, plaintiffs amended their petition to add Progressive American Insurance Company, their uninsured/underinsured motorist carrier, as a defendant, alleging that Mr. Hamblin was either uninsured or underinsured at the time of the accident. Progressive responded with a motion for a partial summary judgment seeking dismissal of plaintiffs' demands for punitive and exemplary damages, which was granted by the trial court. Plaintiffs appeal.
The arguments raised by plaintiffs on appeal are that 1.) coverage of exemplary damages was not waived because no written rejection of this coverage was signed by Mr. Fortier, the named insured on the Progressive policy[1] and 2.) the exclusionary clause of the insurance policy, which excludes coverage for punitive or exemplary damages from the uninsured motorist coverage, is a violation of La.R.S. 22:1406(D)(1)(a).
*899 At the time of the accident in question, La.R.S. 22:1406D(1)(a)(i) provided, in pertinent part:
No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle designed for use on public highways and required to be registered in this state or as provided in this Subparagraph unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy ... for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom; provided, however, that the coverage required under this Subsection shall not be applicable where any insured named in the policy shall reject in writing, as provided herein, the coverage or selects lower limits....
However, Act 336 of the 1992 Regular Session, which became effective on August 21, 1992, added the following sentence to La.R.S. 22:1406(D)(1)(a)(i):
The coverage provided under this Subsection may exclude coverage for punitive or exemplary damages by the terms of the policy or contract.
We note that Progressive does not assert that this provision should be given retroactive effect and we do not give it such effect. See, Block v. Reliance Ins. Co., 433 So.2d 1040 (La.1983).
In the present case, the parties do not dispute that the Progressive policy specifically excludes coverage for punitive or exemplary damages from the UM coverage afforded under the policy. However, appellants argue that since Mr. Fortier did not sign a written rejection providing for the exclusion of UM coverage for exemplary or punitive damages, the language of the policy providing for such an exclusion cannot be given effect.
We do not agree with appellants' argument regarding the requirement of a written rejection by the insured in this instance. Since the provision in dispute excludes UM coverage for exemplary or punitive damages only and does not entirely exclude UM coverage or decrease the limits of UM coverage (to less than the limits of liability coverage provided by this policy)[2], we do not find that La.R.S. 22:1406 mandates a written rejection signed by the insured for the exclusionary clause to be given effect. We do not think that the legislature ever intended to limit the insurance companies' power to contract in such a manner. Accordingly, the clear and unambiguous language of the insurance policy should be enforced. Central Louisiana Elec. v. Westinghouse, 579 So.2d 981 (La. 1991).
Next, appellant asserts that the policy language in question violates La.R.S. 22:1406(D)(1)(a)(i) and, thus, should not be considered. We find no merit in this assertion.
We recognize that the UM statute has been construed liberally and that many policy provisions designed to limit UM coverage have been invalidated. See, Francis v. Travelers Ins. Co., 581 So.2d 1036 (La. App. 1st Cir.1991), writs denied, 588 So.2d 1114 and 1121 (La.1991) (a reduction clause which allowed for a credit against UM limits for the full amount paid by the tortfeasor's liability insurance was struck down); Fisher v. Morrison, 519 So.2d 805 (La.App. 1st Cir.1987) (a public or livery conveyance exclusion from UM coverage was found to be unenforceable); Block v. Reliance Ins. Co., supra, (anti-stacking provisions in policies executed prior to the effective date of the "anti-stacking" amendment were invalidated). Accordingly, we recognize that policy provisions which purport to narrow the coverage mandated by the UM statute cannot be enforced. Sharp v. Daigre, 555 So.2d 1361, 1363 (La.1990).
*900 In Sharp, the supreme court decided the hotly debated issue of whether public policy prohibited the insurability of punitive damages and held that public policy did not prohibit UM coverage for exemplary or punitive damages. In Sharp, the policies in question did not contain any exclusionary language pertaining to punitive or exemplary damages and the broad UM language of the policies[3] was interpreted to include exemplary damages. Therefore, the court did not address the issue of whether an express exclusion of such coverage would be enforceable.
The object of the UM statute was addressed in Block, 433 So.2d at 1042. Therein, the supreme court stated that the "object of the statute is to promote recovery of adequate damages for innocent automobile accident victims by making uninsured motorist coverage available for their benefit as primary protection when the tortfeasor is without insurance, and as additional or excess coverage when he is inadequately insured." The statute has also been advanced as promoting the objective of providing compensation for those injured through no fault of their own. Elledge v. Warren, 263 So.2d 912 (La.App. 3d Cir.), writ denied, 262 La. 1096, 266 So.2d 223 (La.1972).
We find that the policy language excluding exemplary or punitive damages from UM coverage does not conflict with the objective of the UM statute and should be given effect. Punitive and exemplary damages are "damages over and above what would compensate plaintiff for actual losses when the wrong done was aggravated by willful, wanton, or reckless conduct by the defendant [tortfeasor]." J. Bolin, Enter Exemplary Damages, 32 Louisiana Bar Journal 216 (Dec. 1984). The exclusion of exemplary damages from the UM policy does not affect the victim's recovery of all of his compensatory damages pursuant to the UM coverage. Additionally, the exclusion does not decrease the policy limits applicable to UM coverage to less than the limits for liability coverage. Thus, there is a symmetrical treatment of the liability and UM portions of the Progressive policy as required by La.R.S. 22:1406. See Sharp, 555 So.2d at 1363.
We also note that the policy in question excludes coverage of punitive and exemplary damages from the liability coverage section. In this respect, the coverage provided under the liability and UM sections of the policy is the same. This type of express exclusion of exemplary or punitive damages from liability coverage has been upheld in Eaglin v. Champion Ins. Co., 558 So.2d 284 (La.App. 3d Cir.1990) and in McDaniel v. DeJean, 556 So.2d 1336 (La. App. 3d Cir.1990).
We conclude that the clear and unambiguous language of the Progressive policy expressly excluding UM coverage for exemplary or punitive damages does not violate the UM statute that was in effect at the time of the accident at issue. Our conclusion is buttressed by the recent legislative amendment of the statute. Therefore, we find that the trial court properly granted Progressive's motion for a partial summary judgment dismissing plaintiffs' claims for punitive and exemplary damages. Accordingly, the judgment of the trial court is affirmed. All costs are to be paid by plaintiffs-appellants.
AFFIRMED.
CARTER, J., dissents.
NOTES
[1] Although Mrs. Fortier was not listed on the policy as a named insured, she was apparently an insured under the language of the policy.
[2] The Progressive policy provides limits of $50,000.00 for each person and $100,000.00 for each accident for bodily injury liability coverage and for uninsured motorist coverage.
[3] One of the insurance policies being addressed by the supreme court provided, "We will pay damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury: (1) sustained by a covered person; and (2) caused by an accident." The other policy provided, "[T]he insurance [is] provided for the protection of persons insured under this policy who would legally be entitled to recover damages from the owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death resulting therefrom." Sharp, 555 So.2d at 1363.