J^PETTIGREW, J.
Plaintiffs appeal from a judgment of the trial court granting a motion for partial summary judgment in favor of defendant, dismissing plaintiffs’ claims for punitive and exemplary damages. For the reasons that follow, we affirm.
FACTS
On August 28, 1993, Betsy Pike was a guest passenger in a vehicle driven by Clifton Dunaway. Judy Dunaway was also a passenger in the Dunaway vehicle. The *697 Dunaway vehicle was stopped for a red light at the intersection of Highway 190 and Interstate 12 in St. Tammany Parish when it was struck from the rear by a vehicle driven by Thomas D. Karels, causing the Dunaway vehicle to collide with the vehicle directly in front of it. As a result of this accident, all three occupants of the Dunaway vehicle sustained various injuries.
Ms. Pike initially filed suit against Mr. Karels and National Union Fire Insurance Company (“National Union”), the liability insurer of the vehicle driven by Mr. Ka-rels. In her petition, Ms. Pike alleged that her injuries were “caused solely, legally and proximately by the negligence and recklessness” of Mr. Karels and that Mr. Karels “was legally intoxicated at the time of the accident which was a cause in fact of ... her resulting injuries.”[2] Thus, in addition to compensatory damages, Ms. Pike asserted a claim for punitive damages pursuant to La. Civ. Code art. 2315.4.[3] Ms. Pike subsequently amended her petition to include Clifton and Judy Dunaway as additional plaintiffs and Allstate Insurance Company, the uninsured/underinsured motorist (“UM”) insurance carrier of the pDunaway vehicle, as an additional defendant.[4] Thereafter, the matter was set for trial on December 6,1999.
According to the record, at a pre-trial conference on November 4, 1999, counsel for Allstate was informed that the plaintiffs had reached a settlement agreement with Mr. Karels and National Union. The receipt and release executed by the parties on November 4, 1999, contains the following pertinent language:
THAT WE, JUDY DUNAWAY, BETSY PIKE and C.J. DUNAWAY, for the sole consideration of the sum of FOUR HUNDRED EIGHTY-FIVE THOUSAND, EIGHT HUNDRED FIFTY-THREE AND [7]Moo ($485,853.71) DOLLARS, in hand paid, the receipt whereof if hereby acknowledged, do hereby release and forever discharge THOMAS D. KARELS, NANCY COOK, NATIONAL UNION FIRE INSURANCE COMPANY OF LOUISIANA ... of and from any and all causes of action ... including but not limited to all claims for personal injury, past, present and future physical and mental pain and suffering, past, present and future medical expenses, past, present and future lost wages and/or loss of earning capacity, past, present and future disability, past, present and future humiliation and inconvenience, property damage and punitive damages as a result of the accident which occurred on or about August 28,1993....
The plaintiffs agreed that the $485,853.71 payment was “received in full compromise and settlement of the claims asserted against the released parties.” Further, the receipt and release contained a provi *698 sion whereby plaintiffs’ counsel would hold the money in trust “pending the court’s decision as to damages at the trial.” Following the court’s decision, the money would be distributed first to any punitive damages awarded to the plaintiffs. The agreement provided that any balance then remaining under the $500,000.00 single limit National Union policy would be used to pay compensatory damages first to Judy Dunaway, second to Betsy Pike, and finally, to Clifton Dunaway. Allstate was not a party to this agreement.
Allstate subsequently filed a motion for partial summary judgment urging the court to dismiss plaintiffs’ demands for punitive and/or exemplary damages as its UM policy specifically excluded coverage for such damages. According to the record, Allstate’s |4motion was denied as untimely because plaintiffs did not receive service at least ten days before trial as required by La.Code Civ. P. art. 966 B.
On the scheduled trial date, December 6, 1999, plaintiffs requested and were granted a continuance of the trial date until July 10, 2000. Also at that time, the trial court requested that the issue previously raised by Allstate regarding plaintiffs’ attempt to collect punitive damages against Allstate be revisited. Thus, Allstate re-filed a motion for partial summary judgment, again arguing that its UM policy contained a specific clause excluding any payment of punitive damages. On February . 8, 2000, the trial court granted Allstate’s motion for partial summary judgment and signed a judgment accordingly. Plaintiffs’ claims against Allstate for punitive damages were dismissed with prejudice. It is from this judgment that plaintiffs now appeal.[5] Plaintiffs assign the following specifications of error for our review:
1. The Trial Court committed manifest error by invalidating the provisions of a bonafide [sic] settlement agreement which permits the plaintiffs to collect punitive damages under the National Union policy that provides coverage for punitive damages and collect compensatory damages under the UM provisions of the Allstate policy.
2. The Trial Court committed manifest error by giving effect to a punitive damage exclusion in the Allstate policy that is ambiguous and, therefore, unenforceable.
3. The Trial Court committed manifest error by giving effect to a punitive damage exclusion in the Allstate policy that is not symmetrical with the liability provision of the policy pursuant to La.R.S. 22:1406.
4. The Trial Court committed manifest error by invalidating a binding and bonafide [sic] settlement agreement by refusing to permit the jury to determine the allocation of the single limit policy.[6]
*699 I .SUMMARY JUDGMENT
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine factual dispute. Sanders v. Ashland Oil, Inc., 96-1751, p. 5 (La.App. 1 Cir. 6/20/97), 696 So.2d 1031, 1034, writ denied, 97-1911 (La.10/31/97), 703 So.2d 29. Summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact, and that mover is entitled to judgment as a matter of law. La.Code Civ. P. art. 966 B. Summary judgment is favored and “is designed to secure the just, speedy, and inexpensive determination of every action.” La.Code Civ. P. art. 966 A(2).
The initial burden of proof remains with the mover and is not shifted to the non-moving party until the mover has properly supported the motion and carried the initial burden of proof. Only then must the non-moving party “submit evidence showing the existence of specific facts establishing a genuine issue of material fact.” Scott v. McDaniel, 96-1509, p. 5 (La.App. 1 Cir. 5/9/97), 694 So.2d 1189, 1191-1192, writ denied, 97-1551 (La.9/26/97), 701 So.2d 991. If the non-moving party fails to do so, there is no genuine issue of material fact, and summary judgment should be granted. La.Code Civ. P. arts. 966 and 967.
In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court’s determination of whether summary judgment is appropriate. Sanders, 96-1751 at 7, 696 So.2d at 1035. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to this case. Walker v. Phi Beta Sigma Fraternity (RHO Chapter), 96-2345, p. 6 (La.App. 1 Cir. 12/29/97), 706 So.2d 525, 528.
DISCUSSION
In support of its motion for partial summary judgment, Allstate submitted a certified copy of the insurance policy at issue. On page nine of the “Louisiana Automobile Policy Amendments,” the following language is found: “Bodily injury or property | .damage must be caused by accident and arise out of the ownership, maintenance, or use of an uninsured auto. We will not pay any punitive or exemplary damages.”
At all times relevant to this case, La. R.S. 22:1406(D)(1)(a)(i) required UM coverage “in not less than the limits of bodily injury liability provided by the policy.” However, the UM statute also allowed for the exclusion of punitive or exemplary damages as follows: “The coverage provided under this Subsection may exclude coverage for punitive or exemplary damages by the terms of the policy or contract.” La. R.S. 22:1406(D)(1)(a)(i).[7]
The issue of whether punitive damages can be excluded from UM coverage has previously been addressed by this court. In Fortier v. Hamblin, 610 So.2d 897 (La.App. 1 Cir.1992), the plaintiffs were injured when their vehicle was struck by defendant. Defendant was subsequently charged with driving while intoxicated in connection with the accident. Plaintiffs filed suit against the defendant, the defendant’s liability insurer, and their own UM carrier seeking to recover compensatory *700 damages for their personal injuries, as well as exemplary damages pursuant to La.Civ.Code art. 2315.4. Plaintiffs’ UM carrier filed a motion for partial summary judgment seeking dismissal of plaintiffs’ demand for punitive and exemplary damages. The motion was granted by the trial court.
On appeal, the parties in Fortier did not dispute the fact that the UM policy at issue specifically excluded coverage for punitive and exemplary damages. However, the plaintiffs argued that the UM statute required a written rejection providing for the exclusion of UM coverage for punitive or exemplary damages. In affirming the decision of the trial court, this court found that the clear and unambiguous language of the policy did not violate the UM statute in effect at the time of the accident at issue.[8]
We find that the policy language excluding exemplary or punitive damages from UM coverage does not conflict with the objective of the UM statute and should be given effect. Punitive and exemplary damages are |7“damages over and above what would compensate plaintiff for actual losses when the wrong done was aggravated by willful, wanton, or reckless conduct by the defendant [tortfeasor].” J. Bolin, Enter Exemplary Damages, 32 Louisiana Bar Journal 216 (Dec.1984). The exclusion of exemplary damages from the UM policy does not affect the victim’s recovery of all of his compensatory damages pursuant to the UM coverage. Additionally, the exclusion does not decrease the policy limits applicable to UM coverage to less than the limits for liability coverage. Thus, there is a symmetrical treatment of the liability and UM portions of the Progressive policy as required by La. R.S. 22:1406. See Sharp, 555 So.2d at 1363.
Fortier, 610 So.2d at 900.
In another first circuit case, Fontana v. Louisiana Sheriffs’ Automobile Risk Program, 96-1579 (La.App. 1 Cir. 6/20/97), 697 So.2d 1030, writ denied, 97-2363 (La.1/9/98), 705 So.2d at 1088, this court again upheld the right of an insurer to exclude punitive damages from UM coverage. In Fontana, the insurance policy in question lacked a valid UM written rejection as required by La. R.S. 22:1406, thus, UM coverage was provided by law. See Tugwell v. State Farm Ins. Co., 609 So.2d 195, 197 (La.1992). The liability policy contained language specifically excluding punitive damages. On the day of trial, the UM insurer filed a motion for summary judgment on the issue of whether its UM policy included coverage for punitive damages. This court affirmed the trial court’s decision granting summary judgment in favor of the UM insurer, concluding that the exclusionary language in the liability policy applied to the statutorily provided UM coverage.
Although the facts of Fortier and Fontana are distinguishable from the facts of the instant case, this court’s reasoning in said cases certainly provides support for Allstate’s position in this case. With regard to Allstate’s motion for partial summary judgment, the issue is quite simple, i.e., whether the exclusionary language in Allstate’s UM policy is valid. Based on our review of the record, and considering our holdings in Fortier and Fontana, we conclude that the clear and unambiguous language in the policy provides that Allstate will not pay any punitive or exempla *701 ry damages. Pursuant to La. R.S. 22:1406(D)(1)(a)(i), such an exclusion is specifically authorized. Thus, we find no error by the trial court in granting partial summary judgment in favor of Allstate.
^CONCLUSION
For the above and foregoing reasons, the judgment of the trial court granting summary judgment in favor of Allstate and dismissing plaintiffs’ claims for punitive damages with prejudice is affirmed. All costs associated with this appeal are assessed against plaintiffs-appellants, Betsy Pike, Clifton Dunaway, and Judy Duna-way.
AFFIRMED.

. Immediately following the accident, Mr. Ka-rels had a blood alcohol level of .19 percent. Mr. Karels ultimately pled guilty to driving while intoxicated in connection with this accident.

. Article 2315.4 provides as follows:
In addition to general and special damages, exemplary damages may be awarded upon proof that the injuries on which the action is based were caused by a wanton or reckless disregard for the rights and safety of others by a defendant whose intoxication while operating a motor vehicle was a cause in fact of the resulting injuries.

.The petition was again amended to add a claim for penalties and attorney fees against Allstate for its arbitrary and capricious refusal to pay any amount to plaintiffs under the UM policy at issue. This third amending and supplemental petition was not filed until March 2, 2000, subsequent to the date of the trial court's grant of partial summary judgment that is before us on appeal.

. The record contains a second judgment also signed on February 8, 2000, granting a motion in limine filed by Allstate. In this’judgment, the trial court ordered the plaintiffs not to introduce any testimony or produce any evidence of intoxication of Mr. Karels. Further, plaintiffs' counsel was ordered not to comment at any time during trial or in opening or closing arguments about Mr. Karels' intoxication at the time of the accident. The plaintiffs applied for supervisory writ of review of this judgment under our docket number 2000 CW 0876, which was denied by this court on June 14, 2000. This judgment is not at issue in the instant appeal.

. Although this opinion does not address each assignment of error individually, it disposes of all issues pertinent to the judgment before us on appeal. Some of the issues raised by plaintiffs in this appeal actually relate to the motion in limine that was also granted by the trial court on February 8, 2000. However, as previously indicated, the motion in limine is not before us now, and therefore, we preter-mit discussion of any issues relating to same.

. This language was added to the UM statute by 1992 La. Acts No. 335, § 1, and became effective August 21, 1992.

. The plaintiffs in Fortier were injured in a 1989 accident, several years before the effective date of the amendment to the UM statute allowing for the exclusion of coverage for punitive or exemplary damages in a UM policy. Nonetheless, this court, without retroactively applying the amendment, concluded that the policy language in question was valid.