JjTHOMAS F. DALEY, Judge.
Plaintiff, Samuel M. Yonter, appeals a judgment granting defendant State Farm Mutual Automobile Insurance Company’s Exception of No Cause of Action. On appeal, we affirm.
This suit was filed as a result of an automobile accident that occurred on April 6, 1995, between plaintiff, Samuel Yonter, and Lloyd Crawford. The claim against Mr. Crawford was settled. Yonter filed this suit against State Farm, his UM carrier. The suit alleged damages in excess of the $10,000.00 limits in Crawford’s liability policy, as well as exemplary damages pursuant to LSA C.C. art. 2315.4, alleging that Crawford was intoxicated at the time of the accident and this was a cause in fact of the accident.
Defendant, State Farm, filed an Exception of No Cause of Action regarding the exemplary damages under the UM policy issued by them to Yonter. The trial court granted this exception on November 15, 2000. Plaintiff moved to clarify the 13Judgment. Thereafter, an Amended Judgment was issued on February 2, 2001, *951 adding the language “This judgment is final and immediately appealable.”
On appeal, plaintiff assigns four errors: 1) the trial court erred in allowing State Farm to import attempted exclusions into a contract between a third and fourth party; 2) the trial court erred in allowing State Farm to exclude exemplary damages without a valid UM waiver; 3) the trial court erred in allowing State Farm to exclude exemplary damages without doing so in the liability portion of the policy; and 4) the trial court erred in allowing State Farm the benefit of its own ambiguous language within its own policy to be interpreted in favor of State Farm.
ANALYSIS
Plaintiff cites Sharp v. Daigre, 555 So.2d 1361 (La.1990), to support his Assignments of Error. The Sharp case held that the UM carrier was liable for exemplary damages, where the policy provided that it would pay damages that the covered person was legally entitled to recover from the owner or operator of the uninsured vehicle because of bodily injury. The Sharp case’s holding has been super-ceded, however, by the 1992 amendment[1] to LSA-R.S. 22:1406(D)(l)(a)(i), which governs the issuance of uninsured motorist coverage in this state, which states as follows:
(D)(1)(a)® No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle designed for use on public highways and required to be registered in this state or as provided in this Subsection unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy, under provisions filed with and 1¿approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover nonpunitive damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness, or disease, including death resulting therefrom; however, the coverage required under this Subsection is not applicable when any insured named in the policy either rejects coverage, selects lower limits, or selects economic-only coverage, in the manner provided in Item D(l)(a)(ii) of this Subsection. In no event shall the policy limits of an uninsured motorist policy be less than the minimum liability limits required under R.S. 32:900, unless economic-only coverage is selected as authorized herein. Such coverage need not be provided in or supplemental to a renewal, reinstatement, or substitute policy when the named insured has rejected the coverage or selected lower limits in connection with a policy previously issued to him by the same insurer or any of its affiliates. The coverage provided under this Subsection may exclude coverage for punitive or exemplary damages by the terms of the policy or contract....
(Emphasis added.) The added language has been held non-violative of public policy and has been upheld by courts of this State. See Pike v. National Union Fire Ins. Co., 2000-1235 (La.App. 1 Cir. 6/22/01), 796 So.2d 696.
Mr. Yonter’s State Farm UM policy clearly excludes coverage for punitive damages. The UM portion of that policy as quoted in State Farm’s Memorandum in Support of Peremptory Exception of No Cause of Action, provides:
b. We will pay nonpunitive damages for bodily injury an insured is legal *952 ly entitled to collect from the owner or driver of an uninsured motor vehicle. The bodily injury must be caused by accident arising out of the operation, maintenance or use of an uninsured motor vehicle. (Emphasis added).
Under the UM exclusions portion, the policy provides:
There is no coverage to the extent it benefits:
3. For punitive or exemplary damages.
| ^Clearly, the State Farm UM policy at issue excludes coverage for punitive damages.
Yonter further argues that the policy is ambiguous because the policy excludes coverage for “punitive” damages, and LSA-C.C. art. 2315.4 authorizes the award of “exemplary” damages. This argument is without merit. The Supreme Court in Billiot v. B.P. Oil Co., 93-1118 (La.9/29/94), 645 So.2d 604, 621, stated that “ ‘exemplary damages’ and ‘punitive damages’ have the same generally prevailing meaning and are used interchangeably. See, e.g., Vincent v. Morgan’s Louisiana & T.R. & S.S. Co., 140 La. 1027, 74 So. 541, 545 (La.1917); Prosser & Keeton on Torts § 2, at 9 (5th ed.1984).”
Because as a matter of law the State Farm UM policy clearly excludes coverage for punitive/exemplary damages, the sufficiency, or lack thereof, of the proof of the tortfeasor’s intoxication is not relevant to the correctness of the trial court’s judgment.
We affirm the judgment of the trial court. All costs of this appeal are taxed to plaintiff, Samuel M. Yonter.
AFFIRMED.

. Acts 1992, no. 335, § 1.