1CHARLES R. JONES, Judge.
The Appellant, State Farm Insurance, appeals the judgment of the district court awarding the Appellee, Veronica Medice, $20,710.80 in damages subject to a credit of $10,000. We reverse in part, amend in part, affirm as amended and vacate in part.
In 1998, Ms. Medice was in an automobile accident wherein she was rear ended by Timothy Ruiz, who was admittedly intoxicated at the time of the accident.
In the Civil District Court for the Parish of Orleans, Ms. Medice filed a Petition for Damages against Mr. Ruiz and his insurer, Allstate Insurance Company, and her insurer, State Farm. State Farm subsequently filed a third party demand and cross claim against Allstate. Prior to trial, Ms. Medice settled her claim with Mr. Ruiz and Allstate for a sum of $10,000, Mr. Ruiz’s policy limitation. State Farm proceeded to trial on the issue of quantum as the sole defendant. The district court cast judgment against State Farm and awarded the following in damages to Ms. Medice:
Medical expenses $ 2,200
Lost wages $ 490.82
Exemplary damages $ 12,500
General Damages $ 6,500
12Total $20,710.80 (subject to the $10,000 credit)
It is from this judgment that State Farm takes this timely appeal.
In its first assignment of error, State Farm contends that the district court erred in failing to enforce the exemplary damage exclusion in the State Farm insurance policy issued to Ms. Medice. State Farm argues that LSA-R.S. 22:1406(D)(l)(a)(i), discussed infra, excludes coverage for exemplary damages by the terms of the policy, and that the policy held by Ms. Medice is unambiguous and specifically excludes exemplary damages. State Farm further contends that this Court should follow the finding in Yonter v. State Farm Mut. Auto. Ins. Co., 01-601 (La.App. 5 Cir. 11/27/01), 802 So.2d 950, wherein the court held that “as a matter of law the State Farm UM (uninsured motorists) policy clearly excludes coverage for punitive/exemplary damages”.
At trial, Ms. Medice argued that although State Farm filed a policy declaration sheet evidencing insurance on behalf of Ms. Medice, State Farm never introduced the policy nor formulated an argument relating to the exclusion of coverage for punitive damages. Ms. Medice further maintained in her brief and in her oral argument to this Court that the record was never supplemented with the insurance policy and that State Farm introduced no evidence of the insurance policy’s exclusions. However, there is no merit to this argument. A review of the record reveals that both the policy declaration page and the policy itself were entered as exhibit D-l.
The judgment of the district court clearly states that $12,500 represents “exemplary damages”. The UM section of the State Farm policy issued to Ms. Medice states that:
| ¡We "will pay nonpunitive damages for bodily injury an insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle. The bodily injury must be caused by accident arising out of the operation, maintenance or use of an uninsured motor vehicle.
Further, the policy states that:
There is no coverage:
3. For punitive or exemplary damages.
*844 LSA-R.S. 22:1406(D)(l)(a)(i), as it applies to uninsured motorist coverage, provides in pertinent part that, “[t]he coverage provided under this Subsection may exclude coverage for punitive or exemplary damages by the terms of the policy or contract”. In accordance with Pike v. National Union Fire Ins. Co., 2000-1235 (La.App. 1 Cir. 6/22/01), 796 So.2d 696, the above-cited language has been held non-violative of public policy, and has been upheld by courts of this State.
The facts in the instant case are parallel to Yonter. Mr. Yonter and Mr. Crawford were in an automobile accident whereby Mr. Crawford was found to be intoxicated. Mr. Yonter settled his claim against Mr. Crawford. Mr. Yonter then filed suit against State Farm, his UM carrier, alleging damages in excess of the $10,000 limits in Mr. Crawford’s liability policy, and exemplary damages pursuant to LSA C.C. art. 2315.4. The district court granted an Exception of No Cause of Action filed by State Farm and Mr. Yonter appealed.
The Fifth Circuit concluded that under the UM exclusion portion of Mr. Yonter’s policy, State Farm clearly states that there was no coverage for punitive Lor exemplary damages and that there was no error in granting the exception of no cause of action. We adopt the analysis of our colleagues in the Fifth Circuit.
In the case at bar, the policy issued to Ms. Mediee is clear and unambiguous, and reads in its terms as the policy issued to Mr. Yonter. Despite the intoxication of Mr. Ruiz at the time of the accident, the court stated it best in Yonter that “as a matter of law the State Farm UM policy clearly excludes coverage for punitive/exemplary damages, the sufficiency, or lack thereof, of the proof of the tortfeasor’s intoxication is not relevant to the correctness of the trial court’s judgment”. Yonter v. State Farm Mut. Auto Ins. Co, 01-601 at p. 5, 802 So.2d at 952.
The district court erred in casting State Farm in judgment for $12,500 in exemplary damages when Ms. Medice’s policy clearly excludes such an award. Further, LSA-R.S. 1406(D)(1)(A)®, as amended in 1997, is not retroactive and applies to the case at bar because the accident took place in 1998. Mr. Ruiz shall be cast with $12,500 in exemplary damages not State Farm, and the judgment of the district court shall be amended as discussed.
State Farm raises a second assignment of error by arguing that the remaining award of $8,210.82 to Ms. Mediee for compensatory damages was well within the policy limits of Mr. Ruiz’s $10,000 policy with Allstate. State Farm argues that as a matter of law, Mr. Ruiz was neither uninsured or underinsured.
The $8,210.82 differential between the total damages sustained by Ms. Mediee and the exemplary damages awarded falls within the amount that Allstate |Bpaid on its and Mr. Ruiz’s behalf. Further, Mr. Ruiz was insured, Ms. Mediee has been fully compensated for her general and special damages and State Farm, as the uninsured/underinsured carrier of Ms. Mediee, is not liable for the $8,210.82.
Decree
For the reasons stated herein, the part of the judgment of the district court awarding Veronica S. Mediee $12,500 in exemplary damages against State Farm is reversed. We amend the judgment to cast Mr. Timothy P. Ruiz with $12,500 in exemplary damages. Further, the remainder of the judgment against State Farm for a total of $8,210.82 is vacated.
REVERSED IN PART; AMENDED IN PART; AFFIRMED AS AMENDED; VACATED IN PART.